IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) STRIKE, LLC § § *Plaintiff,* § § vs. § § (1) SANDY CREEK FARMS, INC., § (2) STEVE BARRINGTON, § (3) JOHN DOE #1, § (4) JOHN DOE #2, § (5) JOHN DOE #3, and § (6) JOHN DOE #4, § § *Defendants.* § | Case No. CIV-20-571-G |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**[1]

Defendants Sandy Creek Farms, Inc., and Steve Barrington, by undersigned counsel, object to Plaintiff's request for entry of default because service was improper under F.R.C.P. 4(h). In support of this motion, Defendants state:[2]

1. On June 24, 2020, Plaintiff Strike purported to serve Sandy Creek Farms, Inc., (Sandy Creek) and Steve Barrington with complaint. *See* Sandy Creek Farms, Inc., Aff., Barrington Decl. Ex. 1; *see* Barrington Aff., Barrington Decl. Ex. 2.

2. Barrington was not served. Barrington Decl. at ¶ 4. Nor was the registered agent for Sandy Creek Farms, Kay Barrington, served. Barrington Decl. at ¶ 5.

3. Barrington did not learn of this suit until July 21, 2020 when he received notice of default via post. *See id.* at ¶ 5.

---

[1] Defendants attempted to file this on Friday July 31, 2020, but ECF was unavailable.
[2] Due to a death in the immediate family of Mr. Barrington, the declarations referenced herein are not yet available. They will be filed under separate cover in the next few business days.

4.	In addition, it is implausible that Barrignton was served given that this case is related to and arises out of the same facts as *Midship Pipeline Co., LLC, v. Tract No. CN-0004.000, 1.504 Acres of Land, More or Less, Permanent Easement in Canadian County, Oklahoma, et al.*, 5:2018-cv-00858 (W.D. Okla.), concerning Defendants' alleged interference with construction of the pipeline. If Barrington or Sandy Creek had received service, they would have provided it to undersigned counsel who represented Defendants in the related action. *See* Barrington Decl. at ¶ 4.  Counsel for Midship and Strike were both before the court for a temporary restraining order hearing, on June 26, 2020, and made no mention of this complaint to the court even though it filed on June 16, nine days before the TRO hearing.

5.	"An individual may be served by (1) 'delivering a copy of the summons and of the complaint to the individual personally;' (2) 'leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;' or (3) 'delivering a copy of each to an agent authorized by appointment or by law to receive service of process.' Jackson v. W. Architectural Servs., LLC, 2020 U.S. Dist. LEXIS 92710, 5 (D. Utah 2020) (quoting Fed. R. Civ. P. 4(e)(2)(A)-(C)). "Service on a limited liability company also may be accomplished by following state law requirements, or 'by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive process.'" *Id.* (quoting Fed. R. Civ. P. 4(h)(1)(A)-(B)). "Courts have uniformly held . . . a judgement is void where the requirements for effective service have not been satisfied." *Id.* (quoting *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 81, (D.C. Cir. 2014)).

6. "[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant." *Hukill v. Okla. Native Am. Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008) (quoting *United States v. Bigford*, 365 F.3d 859, 865 (10th Cir.2004)). "And 'service of process [under Fed.R.Civ.P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.'" *Id.* (quoting *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir.1992)). As was held in *Hukill*, where service is ineffective, as it is here, under F.R.C.P. 60(b)(4), a default judgement would be rendered void. Since any judgement should not stand where service is ineffective, Plaintiff's request for entry of default should be denied.

8. This response represents a limited appearance and does not constitute consent to personal jurisdiction.

Respectfully submitted,

__/s/ Elaine M. Dowling _____
Elaine M. Dowling (OBA #14, 217)
6801 Broadway Extension, Suite 310
Oklahoma City, OK 73116
405-842-8005—telephone
405-840-6367—fax
dowlinglawoffice@aol.com
LOCAL COUNSEL for SANDY CREEK FARM, INC. &
CENTRAL LAND

-- and --

Carolyn Elefant (Bar No. )
Law Offices of Carolyn Elefant, PLLC
1440 G Street, NW, 8th Floor
Washington, D.C. 20005
T: (202) 297-6100
E: Carolyn@carolynelefant.com

        COUNSEL for SANDY CREEK FARM, INC. &
        CENTRAL LAND
        *Pro hac vice admission pending this case*

## CERTIFICATE OF SERVICE

I, Elaine M. Dowling, certify that on this 3rd day of August, uly, 2020 I caused the foregoing Response in Opposition to Plaintiff's Request for Default to be served by electronic mail on all parties to the case.

        __ /s/ Elaine M. Dowling _____
        Elaine M. Dowling