# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) STRIKE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| (1) SANDY CREEK FARMS, INC., | ) | |
| (2) STEVE BARRINGTON, | ) | Case No. CIV-20-571-G |
| (3) JOHN DOE #1, | ) | |
| (4) JOHN DOE #2, | ) | |
| (5) JOHN DOE #3, | ) | |
| (6) JOHN DOE #4, | ) | |
| | ) | |
| Defendants. | ) | |

## STRIKE, LLC'S RESPONSE TO MOTION TO DISMISS BY SANDY CREEK FARMS, INC. AND STEVE BARRINGTON

Defendants' motion to dismiss should be denied.[1] This Court's subject matter jurisdiction is established by the pleadings and evidence already of record in this case. Plaintiff Strike, LLC ("Strike") has both alleged diversity and provided a sworn declaration that proves diversity by identifying the nature of its members (LLC, limited partnership, individual, trust) and the specific states of which those members are citizens down to the individual level.

Defendants' contention that Strike's Complaint fails to state a claim is likewise meritless. Strike's allegations provide a detailed explanation of how, when and why the

---

[1] While Defendants' motion fails as a substantive matter, the Court would also be justified to deny the motion as untimely. Strike achieved proper service on Defendants on June 23, 2020 (*See* Doc. Nos. 6 and 7), and again on August 7 and 11 (*See* Doc. No. 17). Thus, when Defendants filed their motion on September 15 it was at least several weeks late and Defendants never sought permission to file out of time.

Defendants have interfered with Strike's performance of its contract with Midship Pipeline Company, LLC.  Indeed, Defendants concede that Strike's allegations are sufficient.

Defendants instead attempt to argue facts and attach documents as though they are seeking summary judgment, which cannot be done in a 12(b)(6) motion.  Defendants' arguments fail under either a 12(b)(6) or a summary judgment standard, however, and their motion should accordingly be denied.

## BACKGROUND

The Court is familiar with the facts presented in Strike's Complaint, as the dispute with Defendants Steve Barrington ("Barrington") and Sandy Creek Farms, Inc. ("Sandy Creek") has been the subject of multiple evidentiary hearings and orders entered in *Midship Pipeline Company, LLC v. Tract No. CN-0004.000, 1.504 Acres of Land, More or Less, Permanent Easement in Canadian County, Oklahoma, et al.,* Case No. 5:18-CV-858-G, United States District Court for the Western District of Oklahoma (the "Midship Case").

Strike will not burden the Court by repeating those facts here, except to note that the Court has received a substantial amount of evidentiary material in the Midship Case that supports the allegations Strike makes against the Defendants in this case.  Indeed, the Court recently held Sandy Creek (through the actions of Barrington) in contempt for interfering with Strike's efforts to complete restoration of the easement.  *See* Midship Case at Doc. No. 730, ¶¶ 7-8.  Strike accordingly has a valid claim against Defendants, and that claim is properly pursued in this Court.

## ARGUMENT AND AUTHORITIES

**I.     STRIKE'S ALLEGATIONS AND SUPPORTING DECLARATION DEMONSTRATE THAT THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS DISPUTE.**

Defendants wrongly claim that diversity has not been established because Strike purportedly failed to identify its members. [See Doc no. 20 at pp. 2-5]. The Defendants attempt to support their position regarding jurisdiction by citing cases that involve either a party failing to identify the citizenship of its members or a party simply stating that its members are not citizens of a certain state. That is not the case here. Strike has met the requirements of the Tenth Circuit by identifying its members down to the individual level and, most importantly, the citizenship of those members.

In its Complaint Strike positively identified the states of citizenship of its members. The declaration attached to Strike's Complaint establishes that Strike's members are LLCs owned by individuals who are citizens (based on their domicile) of Alaska, Arizona, California, Colorado, Connecticut, Florida, Georgia, Illinois, Iowa, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, South Dakota, Texas, and Virginia. [See Doc no. 1-1].

While Strike submits that the information provided in the declaration attached to the Complaint is sufficient to establish diversity jurisdiction, to remove any potential doubt it has attached hereto another declaration that supplements the previous declaration regarding the citizenship of Strike. [See Ex. 1]. The attached declaration further illustrates that Strike's corporate structure comprises several LLCs. All of the LLCs are

comprised of members who are either individuals, trusts, limited partnerships or other LLCs.  Once all these members are parsed down to the individual level, those members are domiciled in, and thus citizens of, all the states listed above, plus Mississippi.  Both declarations before the Court are made under penalty of perjury, and they demonstrate that complete diversity of citizenship exists between Strike and the Defendants, who are citizens of Oklahoma.

Strike's identification of the state of citizenship of each of its members satisfies the Tenth Circuit's requirements for establishing diversity for an LLC. The Tenth Circuit has made clear that the crucial information for determining if diversity jurisdiction exists is the citizenship of the members.  "In *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233 (10th Cir. 2015), the Tenth Circuit enunciated the proper test for determining the citizenship of a limited liability company for purposes of diversity jurisdiction. The party seeking to establish jurisdiction in this Court is responsible for **<u>identifying the citizenship</u>** of each member of the LLC . . . ." *Prestige Mfg. Co., LLC v. Gault*, No. CIV-20-56-R, 2020 WL 1030902, at *1, fn. 1 (W.D. Okla. Mar. 3, 2020) (emphasis added).   "[A]n LLC's citizenship is determined by **<u>reference to the citizenship</u>** of each and every one of its members." *Thomas v. Oklahoma Land Holdings, LLC*, No. CIV-17-1036-D, 2018 WL 1732071, at *4 (W.D. Okla. Apr. 10, 2018) (citing *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1235-36 (10th Cir. 2015)) (emphasis added).  As noted above, Strike has identified the citizenship of its members here down to the individual level. The Tenth Circuit does not require more.

In addition, the district court orders that Defendants cite are all distinguished from the circumstances presented here because Strike has provided more information than the parties in those cases. In *Am. Energy Permian Basin, LLC v. ETS Oilfield Servs., LP*, the Court held that the "Defendant has failed to establish the existence of diversity jurisdiction, because it has failed to provide the requisite information **regarding the citizenship of Plaintiff's members** . . ." – such information was previously defined by the court as the **identification of the citizenship** of its members. CIV-16-1024-R (W.D. Okla. Dec. 19, 2016) (emphasis added).[2]  Likewise in *LQC Partners XI, LLC v. SCG Durant Four Seasons, LLC*, the Court remanded the case because the defendants failed to assert the citizenship of the LLC members.  No. 17-CIV-448-RAW, 2018 WL 4328249, at *1 (July 3, 2018).

The cases Defendants cite from district courts in Utah and Colorado are similarly distinguished.  In *Watson v. XO Commc'ns Servs. LLC*, the defendant did not allege **any** information regarding its members and their citizen, and therefore, the Court held that the defendant did not meet its burden to establish diversity jurisdiction.  No. 2:17-CV-00156, 2018 WL 4442240, at *1 and *3 (D. Utah Sept. 17, 2018).   In *Charter Oak Fire Ins. Co. v. Garage Condos of Okla., LLC*, the Plaintiff had failed to allege the identity and citizenship of certain members of certain LLCs, and as a result, the Court stated that the Plaintiff must do so or the case would be subject to dismissal.  Civil Action No. 20-cv-01605-RM STV, at *2 (D. Colo. June 5, 2020).[3]

---

[2] For ease of reference, the Order is attached hereto as Ex. 2.
[3] For ease of reference, the Order is attached hereto as Ex. 3.

5

Defendants appear to argue—without providing supporting authority—that the only way diversity jurisdiction may be established for an unincorporated entity that is owned in at least in part by a private equity firm is to list the name, address <u>and</u> state of citizenship for every investor of the entity. While this standard is not set forth in any of the authority cited by Defendants, to accept it would raise policy concerns relating to the scope of diversity jurisdiction. In today's business world, an LLC or partnership that is a party to a lawsuit may be owned in part by such an entity or entities with which the party has no other affiliation. The party may accordingly not have access or authority to list individual contact information of all the individuals who may be at the bottom of the entity or entities. Yet under Defendants' proposed standard the party would have to forcibly obtain and plead the individual contact information before it could bring an otherwise valid diversity case.

To impose the standard Defendants urge the Court to impose here would deprive an unincorporated party, and particularly a party who may be sponsored by private equity, of the ability to bring a case in federal court when diversity jurisdiction actually exists. Neither the Tenth Circuit nor the text of 28 U.S.C. § 1332 impose such a high burden for an unincorporated entity to access the federal courts. Rather, it is sufficient that the party identify the *citizenship* of its members and affirmatively allege complete diversity of citizenship to establish diversity jurisdiction. Accordingly, because Strike has identified the citizenship of each of its members, Defendants contention that diversity jurisdiction has not been established should be rejected.

## II.     STRIKE'S COMPLAINT MORE THAN SATISFIES THE REQUIREMENT FOR STATING A VALID CLAIM.

Defendants' argument that Strike fails to state a claim is flawed.  Instead of addressing the sufficiency of the factual allegations in the Complaint, Defendants argue that Strike will be unable to prove those allegations.  Indeed, Defendants' motion reads more like a trial brief that is intended to preview evidence that the Court would see during a trial and to argue that a fact at issue will or will not be proved.

Arguments about whether evidence will or will not prove a fact have no place in a Rule 12(b)(6) motion to dismiss.  In evaluating such motions the Court assumes the truth of Strike's well-pleaded facts in the Complaint and draws all reasonable inferences therefrom in the light most favorable to Strike. *See Teigen v. Renfrow,* 511 F.3d 1072, 1078 (10th Cir. 2007).  All that is required for a complaint to survive dismissal is to allege a plausible claim for relief—that is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The Tenth Circuit recognizes that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (citing *Twombly*, 550 U.S. at 556).

There can be no dispute that Strike's Complaint states a claim for tortious interference with contract that satisfies the Rule 12(b)(6) standard.  Strike alleges that there was an agreement between Strike and a third party, in this case Midship. *See* Doc.

7

No. 1 at ¶ 9. Strike alleges that Defendants knew or should have known about the agreement [*See* Doc. No. 1 at ¶ 39], and Defendants admit in their motion that Sandy Creek was "generally aware of Strike's contract with Midship." *See* Doc. No. 20 at p. 6.

Strike also alleges that the Defendants repeatedly took actions to flood the easement to make the performance more costly and burdensome – for example, the complaint alleges the Defendants, on numerous occasions, released water to flood the easement, that Strike built berms to keep the water released by the Defendants out of the easement, and that the Defendants broke those berms in numerous places and harassed Strike personnel. *See* Doc. No. 1 at ¶ ¶ 9-44. Strike further alleges that the Defendants' interference with the agreement was not justified, privileged, or excusable, but instead was an attempt to extort more money out of Midship and/or Strike. *See* Doc. No. 1 at ¶ 42. Finally, Strike alleges that it has incurred millions of dollars in additional expense because the Defendants' interference caused delays in completion, forced Strike to leave the Defendants' property and then return, build berms, destroyed equipment, and forced Strike to hire security and install lights and cameras. *See* Doc. No. 1 at ¶ ¶ 9-44.

All of these allegations are assumed to be true for purposes of Defendants' motion, and they go far beyond the threshold of stating a plausible claim for relief.

### III. DEFENDANTS IMPROPERLY ATTEMPT TO ARGUE FACTS AND EVIDENCE, AND THEIR ARGUMENTS FAIL BOTH 12(B)(6) AND SUMMARY JUDGMENT STANDARDS.

Defendants' motion is also defective because it discusses matters outside of the pleadings and attaches nearly 200 pages of documents as purported evidence. *See* Doc No. 20 at pp. 12-205. Defendants' motion could therefore be considered to be converted

Case 5:20-cv-00571-G Document 21 Filed 10/06/20 Page 9 of 10

to a motion for summary judgment according to FED. R. CIV. P. 12(d).[4] This conversion does not rescue Defendants position, however, because Defendants' arguments again fail to meet the applicable standard.

Defendants fail to identify any undisputed material facts, and neither Defendants' arguments nor their documents meet the burden required to prevail on a motion for summary judgment. Indeed, and as mentioned above, this Court has already been presented with a substantial amount of evidence in the Midship Case that contradicts Defendants' factual contentions. *See* Exhibit 2, Midship Case Doc. No. 693, Exhibits 1, 2 and 3; Doc. No. 716; Doc. No. 730. That evidence shows that at most the documents Defendants attached to their motion reflect a factual dispute which prohibits granting Defendants summary judgment.

## CONCLUSION

The Complaint, the declaration attached to the Complaint, and the declaration attached hereto as Exhibit 1 identify the citizenship of Strike's members down to the individual level and accordingly the citizenship of Strike. There is thus complete diversity of citizenship between Strike and the Defendants and this Court has jurisdiction. The Complaint also contains more than sufficient allegations to state a valid claim for tortious interference, and the evidence already before the Court shows that the claim must be allowed to go forward. Defendants' motion to dismiss should be denied.

---

[4] Alternatively, the Court may just exclude the materials presented that are outside of the pleadings. Strike believes this is the appropriate action for the Court to take.

Respectfully submitted,

s/Evan G. E. Vincent
Evan G. E. Vincent, OBA #22325
Harry "Skeeter" Jordan, OBA #32437
CROWE & DUNLEVY, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
evan.vincent@crowedunlevy.com
skeeter.jordan@crowedunlevy.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2020, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Elaine M. Dowling
6801 Broadway Extension, Ste. 310
Oklahoma City, OK 73116
405-842-8005
dowlinglawoffice@aol.com

-And-

Carolyn Elefant
Law Offices of Carolyn Elefant, PLLC
1440 G Street, NW, 8th Floor
Washington, D.C. 20005
202-297-6100
carolyn@carolynelefant.com

s/Evan G. E. Vincent
Evan G. E. Vincent