## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STRIKE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-571-G |
| | ) | |
| SANDY CREEK FARMS, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Now before the Court is the Motion to Dismiss (Doc. No. 20) filed by Defendants Sandy Creek Farms, Inc. and Steve Barrington.  Plaintiff Strike, LLC has responded (Doc. No. 21) and Defendants have replied (Doc. No. 22).  Defendants seek dismissal of this action under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

### I.    *Plaintiff's Pleading*

Plaintiff initiated this action in federal court, premising the Court's subject-matter jurisdiction upon diversity of citizenship under 28 U.S.C. § 1332.  *See* Compl. (Doc. No. 1) at 1-2.  In alleging its jurisdictional facts, Plaintiff contends that it is a limited liability company whose sole member is Strike Capital, LLC.  Plaintiff alleges that Strike Capital, LLC has the following members: "(i) OEP Strike LLC, and (ii) other non-majority private equity owners of the common units of Strike Capital, LLC whose identities are considered confidential, proprietary information."  *Id.* at 1.  Plaintiff further alleges that OEP Strike LLC, in turn, is a limited liability company whose members include two private equity funds formed as limited partnerships and that the identities of their limited partners are

likewise "considered confidential, proprietary information." *Id.* at 2.  Finally, Plaintiff states:

> While the identity of the individual private equity investors is considered confidential, propriety information, statements obtained from an authorized representative for OEP Strike LLC reflect that individuals are citizens of the following states and continue to hold equity in . . . OEP Strike LLC as of this date: Alaska; Arizona; California; Colorado; Connecticut; Florida; Georgia; Illinois; Iowa; Kentucky; Maryland; Massachusetts; Michigan; Minnesota; Missouri; New Hampshire; New Jersey; New York; North Carolina; Ohio; South Dakota; Texas; Virginia."

*Id.*  Plaintiff attached to the Complaint the affidavit of Strike, LLC's Senior Vice President, General Counsel, and Corporate Secretary, which repeats the jurisdictional allegations concerning the company.  *See* Compl. Ex. 1 (Doc. No. 1-1).  The parties do not dispute that Defendants are citizens of Oklahoma or that the amount in controversy exceeds $75,000.

## II.     *Defendants' Challenge to Subject-Matter Jurisdiction*

Defendants seek dismissal of the action due to Plaintiff's failure to disclose the identities of the various entities and individuals comprising its tiers of ownership and control, arguing that supplying their citizenships alone is insufficient.  *See* Defs.' Mot. at 4-5.  Plaintiff responds that the identification of their citizenship is all that is required to establish and evaluate diversity jurisdiction.  *See* Pl.'s Resp. at 3-6.

Plaintiff attached to its Response a second affidavit that supplements and corrects certain errors in the Complaint's jurisdictional facts but likewise fails to identify any entities or individuals by name, other than Strike Capital, LLC and OEP Strike LLC.  *See* Pl.'s Resp. Ex. 1 (Doc. No. 21-1).  Plaintiff additionally filed a Disclosure Statement (Doc. No. 25), pursuant to the Court's Order of August 26, 2021.  The Disclosure Statement

provides jurisdictional facts that deviate from those contained in both the Complaint and the affidavit attached to Plaintiff's Response.  The Disclosure Statement similarly fails to identify certain entities and individuals by name.  *See* Pl.'s Disclosure Statement at 1-3.

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack.  *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015).  A facial attack questions the sufficiency of the allegations of subject-matter jurisdiction contained in the complaint.  In reviewing a facial attack, a district court confines its analysis to the pleadings and must accept the allegations in the complaint as true.  *Id.*  A factual attack, however, "go[es] beyond allegations" in the complaint and "challenge[s] the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  A district court reviewing a factual attack "may not presume the truthfulness of the complaint's factual allegations" and has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.*  Here, despite the presence of Plaintiff's affidavits, Defendants' Motion constitutes a facial attack, as it challenges the sufficiency of the jurisdictional allegations rather than the facts upon which jurisdiction is predicated.[1]

---

[1]  Indeed, absent discovery, Plaintiff's failure to name the entities and individuals comprising its tiers of ownership and control largely negates Defendants' ability to raise a factual attack of any meaningful character under Rule 12(b)(1).  Because Plaintiffs have not identified the entities and individuals by name, Defendants at this stage cannot verify or refute the factual allegations of citizenship.

The Court determines that the Complaint's allegations of subject-matter jurisdiction are insufficient.  As an initial matter, Plaintiff's Response and its Disclosure Statement show that the Complaint's jurisdictional allegations require correction and supplementation to properly reflect Plaintiff's ownership structure.  *See* Pl.'s Resp. at 3-4; Pl.'s Resp. Ex. 1, at 2; Pl.'s Disclosure Statement at 1-3; *see also Creek v. Wolfgang Puck Worldwide, Inc.*, No. 17-cv-01201, 2017 WL 2274551, at *2 (D. Colo. May 25, 2017) ("[W]hen an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes.").

Moreover, as the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002) (internal quotation marks omitted).  "Mere conclusory allegations of jurisdiction are not enough." *Id.* at 798 (internal quotation marks omitted). The Court determines that the identities of the entities and individuals comprising Plaintiff's members constitute "facts essential to show jurisdiction." *Id.* at 797 (internal quotation marks omitted).  Though diversity of citizenship is dependent upon the citizenship of Plaintiff's members rather than their names, Plaintiff's omission deprives Defendants and the Court of the facts necessary to independently evaluate jurisdiction.  As noted, Plaintiff's omission here would require Defendants to conduct discovery prior to raising a factual attack under Rule 12(b)(1), and the Court is likewise impaired in its "independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see DIRC Homes, LLC v. Townhomes on Conejos, LLC*, No. 21-cv-00663, 2021 WL 2472285, at *1 (D. Colo. June 16, 2021)

(finding that "an email exchange wherein plaintiff's counsel confirmed that plaintiff's members are residents of Colorado was inadequate to prove the necessary facts establishing the Court's subject matter jurisdiction because 'merely alleging that plaintiff's members are citizens and residents of Colorado without identifying them is insufficient'"); *see also* 10th Cir. R. 26.1 (prescribing that, in diversity actions, a limited liability company that is a party to an appeal must "[i]nclude in that party's brief a statement identifying each of its members and their states of citizenship").

Plaintiff has pointed to no authority supporting the proposition that members' identities may be excluded from the pleading if their citizenships are disclosed. Nor has Plaintiff provided any details regarding the nature of the asserted confidentiality or provided authority to establish that such confidentiality mandates anonymity in federal court. *See U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009) ("While various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court.").

CONCLUSION

Accordingly, Defendants' Motion (Doc. No. 20) is GRANTED.[2] If Plaintiff wishes to pursue this action, Plaintiff shall file an amended complaint within 14 days of the date of this Order that cures the deficiencies identified herein. *See* Fed. R. Civ. P. 15(a)(2). The

---

[2] Because the Court is dismissing the Complaint under Rule 12(b)(1), the Court does not reach Defendant's Rule 12(b)(6) challenge.

amended complaint shall not otherwise vary from the original pleading.  Failure to file an amended complaint within 14 days of this Order shall result in the dismissal of this action without prejudice.

IT IS SO ORDERED this 23rd day of September, 2021.

CHARLES B. GOODWIN
United States District Judge